IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR RODRIGUEZ,[1] <br><br> *Petitioner*, <br><br> v. <br><br> KEVIN RANSOM, *et al.*, <br><br> *Respondents*. | CIVIL ACTION <br> NO. 19-04563 |

## ORDER

**AND NOW**, this 3rd day of September 2021, upon consideration of Rodriguez's *pro se* petition for a writ of habeas corpus (ECF 1), Respondents' Response to the petition (ECF 10) and United States Magistrate Judge Elizabeth T. Hey's Report and Recommendation (ECF 18), to which no objections were filed,[2] it is **ORDERED** that:

1. The Report and Recommendation of Magistrate Judge Hey is **APPROVED** and **ADOPTED**;[3]

---

[1] Petitioner's surname appears as "Rodriquez" on the federal docket, but this appears to be the result of a typo in a letter petitioner sent to the Court accompanying his petition (ECF 1-3). Petitioner has indicated his surname is Rodriguez in written correspondence with the Court, *see, e.g.*, (ECF 1, 16), and the state court docket reflects the same, *see Commonwealth v. Rodriguez*, CP-51-CR-0004319-2009.

[2] Magistrate Judge Hey's Report and Recommendation was filed on October 7, 2020. On April 15, 2021, Respondents wrote the Court (ECF 21) explaining Rodriguez had not been served with their response to his petition until March 26, 2021, and accordingly he had not been given an opportunity to reply to the response before the Report and Recommendation issued. The Court extended Rodriguez's time to reply to Respondents' response and object to the Report and Recommendation to July 9, 2021. (June 7, 2021 Order, ECF 22.) Rodriguez never did either.

[3] When no objection is made to a report and recommendation the Court should, as a matter of good practice, "satisfy itself there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's notes; *see also Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, therefore, this Court will review [a] Magistrate Judge['s] . . . Report and Recommendation for 'clear error.'"). No clear error appears on the face of the record. Rodriguez's petition is denied as untimely.

    2.       Rodriguez's petition is **DENIED** and **DISMISSED with prejudice**;

    3.       A certificate of appealability shall **NOT ISSUE** because reasonable jurists would not debate (a) that Rodriguez failed to make a substantial showing of the denial of a constitutional right, or (b) the correctness of the Court's procedural rulings. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); and

    4.       The Clerk of Court shall **MARK** the case **CLOSED**.

---

    The Anti-Terrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations on applications for writs of habeas corpus that begins to run from the date a judgment becomes final unless certain events not alleged to have occurred in this case arise. *See* 28 U.S.C. § 2244(d)(1). The limitations period is subject to statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. *Id.* at § 2244(d)(2). It is also subject to equitable tolling where a petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted).

    Rodriguez entered a negotiated guilty plea on September 22, 2010, and the Court of Common Pleas sentenced him that same day. *See Commonwealth v. Rodriguez*, 161 A.3d 391, 2017 WL 776090, at *1 (Pa. Super. Ct. Feb. 28, 2017). He did not file a direct appeal, so his judgment became final as of October 22, 2010 and the one-year limitations period under AEDPA began to run then. *See id.*; (R. & R. 4). The limitations period was tolled after 329 days when Rodriguez timely filed a *pro se* petition pursuant to the Pennsylvania Post Conviction Relief Act petition on September 16, 2011. But the tolling period ended on August 8, 2017 when the Pennsylvania Supreme Court denied Rodriguez allowance of appeal. *See Commonwealth v. Rodriguez*, 642 Pa. 437, 170 A.3d 981 (Pa. 2017). Rodriguez had thirty-six days from that date to seek federal habeas relief, but he did not file this petition until September 26, 2019. *See* (Pet., ECF 1); (R. & R. 3 n.4). Even though he filed a second PCRA petition on January 7, 2019, "[i]t is well settled that a PCRA petition filed after the AEDPA statute of limitations has expired cannot toll the already expired statute of limitations." *Leafey v. Kerestes*, No. 14-3009, 2014 WL 5823067, at *5 (E.D. Pa. Nov. 7, 2014).

    Rodriguez has not met his burden of demonstrating equitable tolling applies. He explains his petition should not be barred because his trial counsel was purportedly ineffective for failing to file a direct appeal, and "[d]espite [his] lack of mastery of the English language and very basic education, [he] has filed several *pro se* petitions with the state court without answers." (Pet. 14). His over twenty-four month delay in filing his petition, however, fails to demonstrate he has been pursuing his rights diligently, s*ee, e.g.*, *Satterfield v. Johnson*, 434 F.3d 185, 196 (3d Cir. 2006) (delay of more than eight months demonstrated petitioner "did not diligently pursue available routes to collateral relief"), and the state court docket shows his only filings post-dating August 8, 2017 were his second PCRA petition, two document requests and one form of "*pro se* correspondence," all between January and July of 2019, *see* CP-51-CR-0004319-2009. Moreover, as Magistrate Judge Hey correctly points out, none of Rodriguez's proffered reasons for delay are extraordinary circumstances warranting equitable tolling. *See* (R. & R. 6–8).

BY THE COURT:

*/s/ Gerald J. Pappert*

GERALD J. PAPPERT, J.